NOT FOR PUBLICATION

FILED
JEANNE A. NAUGHTON, CLERK

JUN -5 2017

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 15-17602(JNP) |
| MONICA THORS, | Chapter 13 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

### OPINION DENYING MS. THORS' MOTION FOR STAY PENDING APPEAL

Before the Court is the motion (the "Motion") of Monica Thors (the "Debtor") for a stay pending appeal of this Court's Order of May 16, 2017, which conditionally granted relief of the automatic stay to Patricia Parker, but allowed the Debtor an opportunity to make certain payments to Ms. Parker in order the for the automatic stay to remain in place (the "Stay Relief Order"). Because the Debtor has not satisfied her burden for a stay pending appeal, the Motion will be denied.

A.    Background

On March 7, 2017, Ms. Parker filed a motion seeking stay relief to proceed with an eviction complaint against the Debtor for her residence in Mullica Hill, New Jersey.[1] The Debtor has leased property from Ms. Parker for several years, but the present issue relates to a six-month Lease between the Debtor and Ms. Parker that expired on January 1, 2017 and has not been renewed or extended.

On March 6, 2017, Ms. Parker filed a complaint to evict the Debtor in Superior Court of New Jersey, Special Civil Part Gloucester County (Case. No. LT-625-17M). Ms. Parker did not

---

[1] The Debtor is also involved in litigation with Richard and Grace Allen, with whom the Debtor had a lease/contract for property located in Swedesboro, New Jersey. The present Motion and and issues do not relate to the Debtor's litigation with the Allens.

1

obtain stay relief prior to filing her complaint. On March 7, Ms. Parker filed a motion for stay relief in this Court (Dkt. No. 211). At a hearing on April 11, 2017, Ms. Parker stated that she is not familiar with the Bankruptcy Code and did not know that she needed stay relief prior to filing the eviction complaint. She further stated that she mailed the stay relief motion on the same day that she filed the eviction complaint. Ms. Thors opposed the stay relief motion and also filed a motion for sanctions for violating the automatic stay. At the hearing on April 11, the Court determined that, even though there was a technical violation of the automatic stay, steps had been taken to mitigate the violation because the eviction action was adjourned until the Bankruptcy Court ruled upon the stay relief motion and because there was no injury to the Debtor.

The Court also granted Ms. Parker stay relief, and did not require her to re-file the eviction complaint as requested by the Debtor. The Court determined that requiring Ms. Parker to re-file her complaint would only cause further delay and expense, and that it was appropriate to grant stay relief for Ms. Parker to proceed with the complaint that she had already filed. The stay relief, however, only permitted Ms. Parker to proceed to judgment – the parties were required to return to Bankruptcy Court to determine how to proceed once the State Court ruled. An Order to that effect was entered on April 12, 2017 (Dkt. No. 219).

On April 17, the Debtor filed a motion for reconsideration (Dkt. No. 221), arguing that Ms. Parker should have been forced to file a new complaint. The Court denied the motion to reconsider at a hearing on May 9, noting that granting stay relief was essentially an annulment of the stay, or a grant of nunc pro tunc relief which is permissible and speculated in the Bankruptcy Code. See In re Siciliano, 13 F3d 748, 751 (3d Cir. 1994). The Order denying the motion for reconsideration was entered on May 9, 2017 (Dkt. No. 231).

On May 10, 2017, the Debtor filed a Notice of Appeal of the Order granting stay relief and the order denying the motion to reconsider.

On May 15, 2017, the State Court issued its Determination and Order related to the eviction complaint. The State Court determined that the Debtor owed $8,400 of rent through May 2017, against which amount Ms. Parker could apply the security deposit of $3,183.80, leaving a balance of $4,816.20. The State Court ordered that amount to be paid by May 16, subject to Ms. Parker obtaining final stay relief from this Court. See State Court Determination and Order (attached to this Court's Order Conditionally Granting Motion for Relief from the Automatic Stay (Dkt. No. 241)).

On May 16, the Debtor and Ms. Parker appeared before this Court to determine whether additional stay relief should be granted. The Debtor argued that the Court could not consider the issue because she had filed an appeal of the initial order granting stay relief and the order denying reconsideration. The Court determined that the Debtor's appeal was interlocutory because a final order granting stay relief had not been entered. Because the District Court had not entered an order granting leave to proceed with an interlocutory appeal, this Court had jurisdiction to rule upon Ms. Parker's request for further stay relief. See 28 U.S.C. § 158(a)(3); In re Trimble, 2008 WL 782581 at *3 (Bankr. D.N.J. 2008).

After ruling that it could proceed with the hearing to consider further stay relief, the Court granted Ms. Parker immediate stay relief to apply the security deposit ($3,813.80) to the rent owed by the Debtor. The Court also conditioned continuation of the automatic stay such that the Debtor was required to pay the June 2017 rent when it became due, and that the Debtor was required to cure the remaining arrears of $4,816.20 no later than June 15, 2017. The Court entered an Order setting forth its ruling on May 16 (Dkt. No. 241).

On May 23, the Debtor appealed the May 16 Order (which appeal acknowledged that it is interlocutory and included a motion for the District Court to accept the appeal as an interlocutory appeal (Dkt. No. 246)). The notice of appeal states that the Bankruptcy Court should not have allowed Ms. Parker to proceed with the complaint she filed in violation of the automatic stay (and presumably should have been required to file a new complaint).

On May 30, 2017, the Debtor filed the Motion, asking the Court to stay further stay relief while her appeals are pending. The Debtor did not request to post a supersedeas bond.

B. <u>Discussion</u>

Bankruptcy Rule 8007 requires a party to initially seek a stay pending appeal in the Bankruptcy Court. See Fed. R. Bankr. P. 8007(a). The Motion states that the appeal relates to this Court's decision to lift the automatic stay without requiring Ms. Parker to file a new eviction complaint.

In <u>In re Revel AC, Inc.</u>, 802 F.3d 558 (3d Cir. 2015), the Third Circuit noted that the following four factors "come into play" when seeking a stay pending appeal:

> (1) whether the appellant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

<u>Id.</u> at 568 (quoting <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776, 107 S.Ct. 2113 (1987)). The first two factors are the most important in the Court's consideration of a request for a stay pending appeal. See <u>id.</u> (citing <u>Nken v. Holder</u>, 556 U.S. 418, 434, 129 S.Ct. 1749 (2009)). If the Debtor satisfies the first two factors, the Court should consider the harm to the non-moving party and the public policy implications. See <u>Revel</u> 802 F.3d at 569.

Because the Court determines that the Debtor did not make the requisite showing on at least one of the first two factors (the Debtor cannot show a likelihood of success, or irreparable

harm), the Court need not consider the remaining factors. See Revel, 802 F.3d at 571. Nevertheless, as discussed below, if the Debtor were able to show that the first and second factors fell in her favor, the Court would still determine that a stay pending appeal is not appropriate.

### 1. Likelihood of Success

To show a likelihood of success, the Debtor must show "a reasonable chance, or probability, of winning." Revel, 802 F.3d at 568 (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011)). So, while the Debtor must show that her chances of success are more than negligible, she need not show that it is more likely than not that her appeal will be successful. See id. at 659 (citing Nken, 556 U.S. at 434, 129 S.Ct.1749, and Singer Mgmt. Consultants, 650 F.3d at 229).

Here, the Debtor's appeal relates to whether Ms. Parker should have been required to file a new complaint in the state court instead of being allowed to proceed with the complaint she filed on March 6. The Debtor has not demonstrated that she is likely to be successful on appeal of this issue. The issue on appeal is not substantial, serious, difficult or doubtful. The Third Circuit has held that granting stay relief retroactively is permissible and consistent with the wording of the Bankruptcy Code. See Siciliano, 13 F.3d at 751. Since the Third Circuit has ruled on essentially the same issue, the Court concludes that there is no likelihood of success and this factor falls in favor of not granting a stay pending appeal.

### 2. Irreparable Harm to the Debtor

The Debtor must show that "irreparable harm is likely [not merely possible] in the absence of [a] [stay]." Revel, 802 F.3d at 569 (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365 (2008)) (emphasis and brackets in Revel). The Debtor argues that she will suffer harm because she will lose her home and she does not have any other place to live. There is case law determining that debtors might suffer irreparable harm if forced to vacate

a long-time residence. See, e.g., In re Slater, 200 B.R. 491, 495 (Bankr. E.D.N.Y. 1996). However, all of the cases reviewed by the Court were related to evictions following a foreclosure judgment, not eviction of a tenant from leased premises.

Moreover, because the Debtor has appealed an interlocutory order, there is no certainty of irreparable harm. The Debtor has been given an opportunity to cure the outstanding rent owed and to remain current on her rent obligations going forward. If she is able to do so, there will be no irreparable harm.

Finally, any final relief from the automatic stay that may be granted would include a fourteen day stay of any action by Ms. Parker to obtain possession of the property under Bankruptcy Rule 4001(a)(3), plus additional time for the eviction to actually be scheduled and take place under applicable state law.

Therefore, although this factor is a "close call," the Court determines there is no irreparable harm if a stay is not entered at this time. The Court reaches this decision primarily because the Debtor seeks to stay an interlocutory order, not a final order.

*3. Substantial Injury to Ms. Parker*

When the Court considers the balance of harms between the Debtor and Ms. Parker, it concludes that Ms. Parker would also potentially suffer a good bit of harm. Ms. Parker stated at the hearing on May 16, 2017, that without stay relief to collect rent or evict the Debtor she would likely have to file her own bankruptcy case, or would lose the property. The Court further notes that the Debtor admits in the Motion that she does not have money to pay the rent, so that the harm to Ms. Parker will continue and the amount owed will increase. Therefore, a balancing of the harms shows that Ms. Parker could suffer substantial harm if a stay pending appeal were put in place, and this factor falls in favor of not granting the Motion.

*4. Public Policy*

The Debtor did not provide an argument why the public policy favors granting a stay pending appeal. While the Court appreciates the public policy of affording debtors an opportunity for a fresh start and an opportunity to retain assets and make regular payments in Chapter 13 cases, there is also a public policy that in order for a Chapter 13 case to afford meaningful relief to debtors and creditors, debtors remain current with their post-petition obligations. Here, the Debtor has not remained current with her post-petition rental obligations, and in such situation a debtor's landlord should be afforded relief to move forward with her eviction complaint.

### C.    Conclusion

For the reasons discussed above, the Court concludes that the Debtor has not shown that there is a reasonable likelihood of success on the merits or likelihood of irreparable harm to the Debtor. Therefore, a stay pending appeal should not be entered, and that the Motion should be denied. Even if the Debtor had shown a likelihood of success and irreparable harm, the Court determines that the harm to Ms. Parker is at least equal to, if not greater than, the harm to the Debtor and that the public policy falls in favor of not enter a stay pending appeal.

Therefore, the Motion will be denied.

Dated: June 5, 2017

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE