NOT FOR PUBLICATION

FILED
JEANNE A. NAUGHTON, CLERK
JUN 29 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

MONICA THORS,

           Debtor.

Case No. 15-17602(JNP)

Chapter 13

Judge: Jerrold N. Poslusny, Jr.

## OPINION GRANTING STAY RELIEF

Before the Court is the motion (the "Motion") of Patricia Parker for stay relief to proceed with an eviction complaint against Monica Thors (the "Debtor"). By Order May 16, 2017, this Court granted Ms. Parker partial stay relief, and conditioned continuation of the stay on the Debtor making certain payments to Ms. Parker (the "May 16 Order"). The Debtor has not made the required payments, therefore, the Motion will be granted in full.

### Background

On March 7, 2017, Ms. Parker filed a motion seeking stay relief to proceed with an eviction complaint against the Debtor for her residence in Mullica Hill, New Jersey.[1] The Debtor has leased property from Ms. Parker for several years, but the present issue relates to a six-month Lease between the Debtor and Ms. Parker that expired on January 1, 2017 and has not been renewed or extended.

On March 6, 2017, Ms. Parker filed a complaint to evict the Debtor in Superior Court of New Jersey, Special Civil Part Gloucester County (Case. No. LT-625-17M) (the "State Court"). Ms. Parker did not obtain stay relief prior to filing her complaint. On March 7, Ms. Parker filed

---

[1] The Debtor is also involved in litigation with Richard and Grace Allen, with whom the Debtor had a lease/contract for property located in Swedesboro, New Jersey. The present Motion and issues do not relate to the Debtor's litigation with the Allens.

1

a motion for stay relief in this Court (Dkt. No. 211). At a hearing on April 11, 2017, Ms. Parker stated that she is not familiar with the Bankruptcy Code and did not know that she needed stay relief prior to filing the eviction complaint. She further stated that she mailed the stay relief motion on the same day that she filed the eviction complaint. The Debtor opposed the stay relief motion and also filed a motion for sanctions for violating the automatic stay. At the April 11 hearing, the Court determined that, even though there was a technical violation of the automatic stay, steps had been taken to mitigate the violation because the eviction action was adjourned until the Bankruptcy Court ruled upon the stay relief motion and because there was no injury to the Debtor.

The Court also granted Ms. Parker limited stay relief, and did not require her to re-file the eviction complaint as requested by the Debtor. The Court determined that the further delay and expense associated with requiring Ms. Parker to re-file her complaint would only cause harm to Ms. Parker. Therefore, the Court found that it was appropriate to grant stay relief for Ms. Parker to proceed with the complaint that she had already filed. The stay relief, however, only permitted Ms. Parker to proceed to judgment – the parties were required to return to Bankruptcy Court to determine how to proceed once the State Court ruled. An Order to that effect was entered on April 12, 2017 (the "April 12 Order") (Dkt. No. 219).

On April 17, the Debtor filed a motion for reconsideration, arguing that Ms. Parker should have been forced to file a new complaint. The Court denied the motion to reconsider at a hearing on May 9, noting that granting stay relief was an annulment of the stay, or a grant of nunc pro tunc relief which is permissible and speculated in the Bankruptcy Code. See In re Siciliano, 13 F3d 748, 751 (3d Cir. 1994). The Order denying the motion for reconsideration was entered on May 9, 2017 (the "May 9 Order") (Dkt. No. 231).

On May 10, 2017, the Debtor filed a Notice of Appeal of the Order granting stay relief and the order denying the motion to reconsider.

On May 15, 2017, the State Court issued its Determination and Order related to the eviction complaint. The State Court determined that the Debtor owed $8,400 of rent through May 2017, against which amount Ms. Parker could apply the security deposit of $3,183.80, leaving a balance of $4,816.20. The State Court ordered that amount to be paid by May 16, subject to Ms. Parker obtaining final stay relief from this Court. See State Court Determination and Order (attached to the May 16 Order).

On May 16, the Debtor and Ms. Parker appeared before this Court to determine whether additional stay relief should be granted. The Debtor argued that the Court could not consider the issue because she had appealed the April 12 Order and the May 9 Order. The Court determined that the Debtor's appeal was interlocutory because a final order granting stay relief had not been entered, and the District Court had not entered an order granting leave to proceed with an interlocutory appeal. Therefore, this Court determined that it had jurisdiction to rule upon Ms. Parker's request for further stay relief. See 28 U.S.C. § 158(a)(3); In re Trimble, 2008 WL 782581 at *3 (Bankr. D.N.J. 2008).

After ruling that it could proceed with the hearing to consider further stay relief, the Court granted Ms. Parker stay relief to apply the security deposit ($3,813.80) to the rent owed by the Debtor. The Court also conditioned continuation of the automatic stay such that the Debtor was required to pay the June 2017 rent when it became due, and that the Debtor was required to cure the remaining arrears of $4,816.20 no later than June 15, 2017. See May 16 Order ¶¶ 3,4.

On May 23, the Debtor appealed the May 16 Order (which appeal acknowledged that it is interlocutory and included a motion for the District Court to accept the appeal as an interlocutory

appeal) (Dkt. No. 246). The notice of appeal states that the Bankruptcy Court should not have allowed Ms. Parker to proceed with the complaint she filed in violation of the automatic stay (and presumably should have been required to file a new complaint). The District Court has not ruled upon the Debtor's motion to proceed with an interlocutory appeal.

On May 30, 2017, the Debtor filed the Motion for a stay pending appeal. The Debtor did not request to post a supersedeas bond. On June 5, 2017, this Court denied a stay pending appeal (Dkt. No. 256). In the opinion related to that order, the Court noted that there was no likelihood of success on the merits because granted nunc pro tunc or retroactive stay relief was speculated in the Bankruptcy Code and a permissible form of relief. The Court also determined that although the Debtor might face harm if the eviction complaint were to proceed, Ms. Parker would suffer harm if a stay were in place.

On June 9, 2017, Ms. Parker filed a Certification of Default stating that the Debtor had not timely paid the June rent as required by the May 16 Order. The Debtor objected to the Certification arguing that it had been filed prematurely because the Debtor's deadline to cure rent arrears was June 15. The Debtor did not address Ms. Parker's statement alleging non-payment of the June rent.

At the hearing on June 27, 2017, Ms. Parker stated that neither the June 2017 rent payment, nor the cure payment had been made. In addition, the July rent will be due shortly. As of July 1, 2017, the Debtor will owe Ms. Parker approximately $8,900 in unpaid rent. Ms. Parker stated that the delay to date has caused her great financial difficulty and that any further delay will leave her in a "dire situation" where she may be required to file her own bankruptcy case or lose the property in foreclosure. Ms. Parker stated that she depends on income from the

rental property to fund the expenses associated with its ownership such as the mortgage and taxes.

The Debtor confirmed that she has not made the required payments but that the Court should delay in granting final stay relief because of the Debtor's appeals of the April 12 Order and the May 16 Order, as well as her motion for a stay pending appeal that is presently before the District Court.[2] The Debtor argued that this Court no longer has jurisdiction to consider the Motion because of the motion for stay pending appeal before the District Court. Finally, the Debtor has requested additional time to raise money to pay Ms. Parker. The Debtor stated that she has been emailing people, but that those same people are receiving emails from a third party claiming that the Debtor should not be trusted. The Debtor believes that if she is given more time, she can have in-person meetings with people to raise the needed funds. The Debtor did not explain why these people would be willing to give her money, or what they might receive in exchange for providing funds.

## Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. Ms. Parker has standing because the Debtor owes her money and she needs stay relief to proceed with her State Court remedies. The following

---

[2] As noted above, this Court has denied the Debtor's request for a stay pending appeal of the May 16 Order.

constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[3]

## Discussion

Section 362(d) of the Bankruptcy Code requires the Court to grant relief from the automatic stay by terminating, annulling, modifying, or conditioning the stay for cause, including lack of adequate protection. 11 U.S.C. § 362(d). Ms. Parker as the movant has the initial burden to show that relief is appropriate, but the Debtor has the ultimate burden of proof to show that the protections of the automatic stay should remain in place. See 11 U.S.C. § 362(g); In re Kane, 27 B.R. 902, 905 (Bankr. M.D.Pa. 1983). Ms. Parker met her initial burden by alleging that post-petition rent had not been paid, at which point the burden shifted to the Debtor to show why the stay should remain in place. The Debtor did not meet her burden of proof.

The prior, interlocutory, orders of the Court granted limited stay relief. The April 12 Order allowed Ms. Parker to return to State Court to litigate her eviction complaint and any defenses raised by the Debtor. That order only allowed the State Court to proceed to judgment; it did not allow Ms. Parker to take any action related to a judgment without first returning to this Court to seek further relief. The May 16 Order allowed Ms. Parker to apply the security deposit, and required the Debtor to make certain payments in order for the stay to remain in place.

The Debtor has argued that the Court should not have granted relief from the automatic stay to allow Ms. Parker to proceed with the complaint that she filed in violation of the stay, and that Ms. Parker should have been required to file a new complaint. As this Court noted

---

[3] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

previously, courts can grant retroactive relief from the automatic stay. See Siciliano, 13 F.3d at 751. In In re Myers, 491 F.3d 120 (3d Cir. 2007), the Third Circuit noted three factors to consider when determining whether to grant retroactive stay relief: "(1) whether the creditor was aware of the filing or encouraged violation of the automatic stay; (2) whether the debtor engaged in inequitable, unreasonable or dishonest behavior; and (3) whether the creditor would be prejudiced." Myers, 491 F.3d at 130. "Bankruptcy courts are given wide latitude to balance the equities when granting relief from the automatic stay." Id. at 130.

Ms. Parker admitted that she was aware of the bankruptcy case when she filed the eviction complaint, but had never had a tenant involved in a bankruptcy and has no experience with bankruptcy. She mailed her motion for stay relief on the same day that she filed her eviction complaint. Ms. Parker also stated that the State Court adjourned the hearing on her eviction complaint until she obtained stay relief. It was apparent that Ms. Parker was not aware that she should have obtained stay relief prior to filing her State Court complaint. Her actions were not taken with an underhanded motive or in an attempt to gain an unfair advantage, but because of a lack of knowledge. Moreover, filing the complaint and the Motion at the same time did not prejudice or harm the Debtor because the State Court action was stayed immediately upon learning that the Debtor had not obtained stay relief. Therefore, the Court views Ms. Parker's actions as an inadvertent violation of the automatic stay.

The second factor does not apply in this case because there was no inequitable or dishonest action by the Debtor.

The final factor – prejudice to the movant – falls decisively in favor of Ms. Parker. She stated several times at the various hearings on the Motion that she cannot afford to have the Debtor in the property if the Debtor is not paying rent. Ms. Parker stated that if she is unable to

move forward with the eviction complaint, she is in danger of losing the property to foreclosure, or being forced to file her own bankruptcy case. Ms. Parker was very credible at each of the hearings. It would have been prejudicial to Ms. Parker to require her to suffer the expense and delay related to filing a new complaint. It would further be a waste of judicial resources to require Ms. Parker to file a new complaint at this time because the State Court could be required to hold a second trial related to Ms. Parker's complaint.

Therefore, the weight of the <u>Myers</u> factors fall in favor of the Court granting retroactive relief from the automatic stay so that Ms. Parker should not be required to file a new complaint.

Based upon the Court's grant of limited stay relief, the State Court trial took place. As discussed above, the State Court determined the amount of rent owed, the amount of the security deposit that could be set off against the amount, and gave the Debtor a short period of time to cure the remaining default – subject to further decision by this Court.

After the State Court ruled, Ms. Parker returned to this Court seeking further relief. The May 16 Order conditioned continuation of the stay on the Debtor resuming regular monthly rent payments in June 2017, and curing arrears by June 15. The May 16 Order states that "[i]f June rent is not paid or arrears are not cured, Ms. Parker may submit a certification of default to this Court on 7 days' notice to Ms. Thors after which the Court will grant final stay relief." May 16 Order ¶ 5.

The Court finds there is cause to grant Ms. Parker's motion for stay relief to permit her to continue with her eviction complaint in State Court and to seek possession as may be ordered by the State Court. As found by the State Court, the Debtor owes Ms. Parker $4,816.20 of rent (after applying the security deposit), and has not made a regular monthly rent payment from February through May 2017, and both parties confirmed that the June rent has not been paid.

Including the June rent, Ms. Parker is now owed $6,916.20. Ms. Parker is providing the Debtor with something of value (the leased premises) for which she is not being compensated, and Ms. Parker has no adequate protection because she is not in possession of a security deposit or any other guaranty that she will ultimately be paid.

At the hearing on June 27, 2017, the Debtor asked for more time to give her a chance to find donors to help her pay rent. The Debtor could not explain who these donors might be or why they would give the Debtor money to help her pay rent. Based upon the Debtor's statements at the hearing, the Court does not believe that the Debtor will raise sufficient funds to pay Ms. Parker in the near future. The Debtor also stated that she does not have sufficient funds to pay the July rent. Ms. Parker opposed the request for more time noting that the Debtor has not paid rent since January, and she cannot wait another thirty days. Because the Debtor has not paid rent for many months, cannot pay the July rent, and cannot offer any form of protection to Ms. Parker, it would be inequitable to force Ms. Parker to wait another month for a payment that the Court does not believe will be available.

The Debtor also requested that the Court stay the hearing until the District Court rules on the Debtor's motion for a stay pending appeal. The Debtor stated that briefs on that motion are due in thirty days, and the motion for a stay pending appeal could be moot if this Court grants stay relief prior to the District Court ruling. An automated note on the docket for the appeal, however, states that the motion is set for July 17, 2017; that no appearances on the motion are necessary; and that the automated note did not supersede any previous or subsequent order of the District Court. Therefore, there is no certainty when the District Court will rule upon the motion for a stay pending appeal. Moreover, the Debtor's motion for a stay pending appeal that is before the District Court does not bar this Court from ruling on the Motion. There is no stay

pending appeal in place, and as noted above, the Debtor has appealed an interlocutory orders and the District Court has not granted leave to accept the appeals. See 28 U.S.C. § 158(a)(3); In re Trimble, 2008 WL 782581 at *3 (Bankr. D.N.J. 2008).

Therefore, there is cause to grant the Motion and Ms. Parker will be granted relief from the automatic stay to proceed with her State Court remedies, including but not limited to obtaining possession of the property.

Dated: June 29, 2017

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE