FILED
JEANNE A. NAUGHTON, CLERK
JUL 21 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MONICA THORS,<br><br>　　　　　Debtor. | Case No. 15-17602(JNP)<br><br>Chapter 13<br><br>Judge: Jerrold N. Poslusny, Jr. |

## OPINION DENYING MS. THORS' MOTION
## FOR (A) RECONSIDERATION; AND (B) STAY PENDING APPEAL

Before the Court is the motion (the "Motion") of Monica Thors (the "Debtor") for "Reconsideration; Stay Pending Appeal." It is unclear from the Motion whether the Debtor is asking the Court to reconsider its decision to grant final stay relief to Patricia Parker; to reconsider its decision not to grant a stay pending appeal, or to consider a new request for a stay pending appeal. Therefore, the Court will address each potential request in turn. However, because the Court determines that none of the potential forms of relief sought by the Debtor should be granted, the Motion will be denied.

### A. Background

On March 7, 2017, Ms. Parker filed a motion seeking stay relief to proceed with an eviction complaint against the Debtor for her residence in Mullica Hill, New Jersey.[1] The Debtor has leased property from Ms. Parker for several years, but the present issue relates to a six-month Lease between the Debtor and Ms. Parker that expired on January 1, 2017 and has not been renewed or extended.

On March 6, 2017, Ms. Parker filed a complaint to evict the Debtor in Superior Court of New Jersey, Special Civil Part Gloucester County (Case. No. LT-625-17M). Ms. Parker did not

obtain stay relief prior to filing her complaint. On March 7, Ms. Parker filed a motion for stay relief in this Court (Dkt. No. 211). At a hearing on April 11, 2017, Ms. Parker stated that she is not familiar with the Bankruptcy Code and did not know that she needed stay relief prior to filing the eviction complaint. She further stated that she mailed the stay relief motion on the same day that she filed the eviction complaint. Ms. Thors opposed the stay relief motion and also filed a motion for sanctions for violating the automatic stay. At the hearing on April 11, the Court determined that, even though there was a technical violation of the automatic stay, steps had been taken to mitigate the violation because the eviction action was adjourned until the Bankruptcy Court ruled upon the stay relief motion and because there was no injury to the Debtor.

The Court also granted Ms. Parker stay relief, and did not require her to re-file the eviction complaint as requested by the Debtor. The Court determined that requiring Ms. Parker to re-file her complaint would only cause further delay and expense, and that it was appropriate to grant stay relief for Ms. Parker to proceed with the complaint that she had already filed. The stay relief, however, only permitted Ms. Parker to proceed to judgment – the parties were required to return to Bankruptcy Court to determine how to proceed once the State Court ruled. An Order to that effect was entered on April 12, 2017 (Dkt. No. 219).

On April 17, the Debtor filed a motion for reconsideration (Dkt. No. 221), arguing that Ms. Parker should have been forced to file a new complaint. The Court denied the motion to reconsider at a hearing on May 9, noting that granting stay relief was essentially an annulment of the stay, or a grant of <u>nunc pro tunc</u> relief which is permissible and speculated in the Bankruptcy Code. <u>See</u> <u>In re Siciliano</u>, 13 F3d 748, 751 (3d Cir. 1994). The Order denying the motion for reconsideration was entered on May 9, 2017 (Dkt. No. 231).

On May 10, 2017, the Debtor filed a Notice of Appeal of the Order granting stay relief and the order denying the motion to reconsider.

On May 15, 2017, the State Court issued its Determination and Order related to the eviction complaint. The State Court determined that the Debtor owed $8,400 of rent through May 2017, against which amount Ms. Parker could apply the security deposit of $3,183.80, leaving a balance of $4,816.20. The State Court ordered that amount to be paid by May 16, subject to Ms. Parker obtaining final stay relief from this Court. See State Court Determination and Order (attached to this Court's Order Conditionally Granting Motion for Relief from the Automatic Stay (Dkt. No. 241)).

On May 16, the Debtor and Ms. Parker appeared before this Court to determine whether additional stay relief should be granted. The Debtor argued that the Court could not consider the issue because she had filed an appeal of the initial order granting stay relief and the order denying reconsideration. The Court determined that the Debtor's appeal was interlocutory because a final order granting stay relief had not been entered. Because the District Court had not entered an order granting leave to proceed with an interlocutory appeal, this Court had jurisdiction to rule upon Ms. Parker's request for further stay relief. See 28 U.S.C. § 158(a)(3); In re Trimble, 2008 WL 782581 at *3 (Bankr. D.N.J. 2008).

After ruling that it could proceed with the hearing to consider further stay relief, the Court granted Ms. Parker immediate stay relief to apply the security deposit ($3,813.80) to the rent owed by the Debtor. The Court also conditioned continuation of the automatic stay such that the Debtor was required to pay the June 2017 rent when it became due, and that the Debtor was required to cure the remaining arrears of $4,816.20 no later than June 15, 2017. The Court entered an Order setting forth its ruling on May 16 (Dkt. No. 241).

On May 23, the Debtor appealed the May 16 Order (which appeal acknowledged that it is interlocutory and included a motion for the District Court to accept the appeal as an interlocutory appeal (Dkt. No. 246)). The notice of appeal states that the Bankruptcy Court should not have allowed Ms. Parker to proceed with the complaint she filed in violation of the automatic stay (and presumably should have been required to file a new complaint).

On May 30, 2017, the Debtor filed the Motion, asking the Court to stay further stay relief while her appeals are pending. The Debtor did not request to post a supersedeas bond. That motion for a stay pending appeal was denied on June 5, 2017 (Dkt No. 256). See also Dkt. No. 255 (the Court's opinion related to the denial of a stay pending appeal).

On June 29, 2017, the Court granted full, final, stay relief to Ms. Parker allowing her to proceed with her eviction complaint (Dkt. No. 268).

On July 14, 2017, the Debtor filed the Motion. The Motion asks the Court to either: (a) reconsider its decision to grant final stay relief to Patricia Parker; (b) reconsider its decision not to grant a stay pending appeal, or (c) consider a new request for a stay pending appeal

B. Discussion

*1. There is No Basis to Reconsider Granting Stay Relief*

To the extent that the Motion reconsideration of the order granting stay relief, the Motion is denied. In order for the Court to grant a motion for reconsideration, the moving party must show one of three circumstances: "(1) there is newly available evidence, (2) there is an intervening change in the controlling law, or (3) there is a need to correct a clear error of law or prevent manifest injustice." In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 182 (Bankr. D.N.J. 2002) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

4

"Motions for reconsideration are fully within the bankruptcy court's discretion." In re Patriot Contracting Corp., 2008 WL 934402, at *1 (Bankr. D.N.J. Apr. 1, 2008). In order to satisfy his burden, the Debtor must set forth "concisely the matters or controlling decision which [he] believes the court has overlooked." Id. at 2. A motion for reconsideration is not to be used as a vehicle to present evidence which should have been presented before. Id. In other words, this is not an opportunity for a "second bite of the apple." Id. "A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law that were overlooked . . . . Finally, a motion for reconsideration is an extraordinary remedy that should be used 'sparingly' and limited to exceptional circumstances." Id. (citations omitted).

The Debtor has not satisfied her burden. The Debtor did not present newly available evidence; there has not been any change in the controlling law; and there is no need to correct a clear error of law or prevent manifest injustice. The present Motion is essentially the same as the motion for reconsideration that the Debtor previously filed (Dkt. No. 221), which was denied on May 9 (Dkt. No. 231) based upon a decision placed on the record at that hearing. The Court denies the present Motion for the same reasons that it denied the Debtor's previous motion to reconsider.

The Debtor also argues that this Court does not have jurisdiction over motion for stay relief because the Debtor filed an interlocutory appeal. However, as previously noted, there is no stay pending appeal in place, and the Debtor's appeals are from interlocutory orders and the District Court has not granted leave to accept the appeals. See 28 U.S.C. § 158(a)(3); In re Trimble, 2008 WL 782581 at *3 (Bankr. D.N.J. 2008). Therefore, this Court had authority to rule on the motion for stay relief.

5

The Debtor argues that the District Court has original and exclusive jurisdiction over the case under 28 U.S.C. § 1334(a). However, 28 U.S.C. § 157(a) provides that district courts may refer bankruptcy cases to the bankruptcy court. See 28 U.S.C. § 157(a). In New Jersey there is a Standing Order of the United States District Court dated July 10, 1984, which was amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. Therefore, this Court had jurisdiction to rule upon the stay relief motion and has jurisdiction to rule on the present Motion.

Finally, the Debtor argues that the Court erred in determining that the venue of the case is proper. The Debtor did not challenge venue as part of her initial objection to the stay relief motion, and therefore this argument cannot be properly raised for the first time as part of the present Motion. See Oak Brook Hotel Co. v. Teachers Ins. & Annuity Ass'n of Am., 1992 WL 368025, at *1 (N.D. Ill. Nov. 30, 1992) (citations omitted). However, even if she had raised the issue, the Court would have rejected the argument. The Debtor refers to 10 U.S.C. § 1408 when discussing venue. That section of the United States Code relates to retirement pay of former members of the military, and complying with final orders of courts related to the payment of alimony, child support, and similar payments required by a court of appropriate jurisdiction to make such awards. The section of the United States Code on which the Debtor relies does not apply to bankruptcy cases.

Venue for bankruptcy cases is determined by 28 U.S.C. § 1408 which provides that a bankruptcy case may be commenced in a district where, inter alia, the debtor resides. 28 U.S.C. § 1408(a). The Debtor's petition states that her residence is in New Jersey. Therefore, the venue of this case is proper in New Jersey.

For all of the above reasons, the Court determines that there is no cause to reconsider its

previous decision to grant stay relief to Ms. Parker.

*2. There is No Basis to Reconsider Denial of a Stay Pending Appeal*

To the extent the Motion requests that the Court reconsider the decision not to grant a stay pending appeal, the Motion will be denied. As discussed above, the Debtor must show the Court that there are new (previously undiscoverable) facts, a change in the law, or the need to correct a clear error of law or to prevent a manifest injustice. See Central Jersey Airport Servs., 282 B.R. at 182 (citing North River Ins., 52 F.3d 1194 at 1218). The Debtor has not met this burden. The Motion rehashes the same factual allegations and legal arguments that the Debtor made related to the stay relief motion. The Debtor does not raise any new facts, new law, or a manifest injustice related to denial of the Debtor's initial motion for a stay pending appeal.

Therefore, the Motion will be denied to the extent it seeks reconsideration of denial of a stay pending appeal.

*3. There is No Basis for a Stay Pending Appeal of the Final Order Granting Stay Relief*

Finally, to the extent that the Debtor requests a stay pending appeal of the final order granting stay relief, the Debtor did not file an appeal of the final order. Therefore, there is no appeal that could be stayed. To the extent that the Debtor's appeals of the Court's interlocutory orders are now properly considered to be appeals of the final order granting stay relief, the Motion will be denied for the same reasons that the Court denied the Debtor's previous motion for a stay pending appeal. See Dkt. No. 225.

## C. Conclusion

For the reasons discussed above, the Court denies the Debtor's Motion. The Debtor has not met her burden for the Court to reconsider either its granting of final stay relief or its denial

of the Debtor's motion for a stay pending appeal. The Debtor has also not met her burden for a stay pending appeal of the final order granting stay relief (to the extent that there is an appeal pending related to that order).

Dated: July 21, 2017

                                                                                       _____
                                                                                       JERROLD N. POSLUSNY, JR.
                                                                                       U.S. BANKRUPTCY COURT JUDGE

---

1  The Debtor is also involved in litigation with Richard and Grace Allen, with whom the Debtor had a lease/contract for property located in Swedesboro, New Jersey. The present Motion and and issues do not relate to the Debtor's litigation with the Allens.